## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

POCONO MOUNTAIN SCHOOL
DISTRICT,

     Plaintiff,

        v.

T.M., by and through M.M. and J.B.,

     Defendants.

NO. 3:07-cv-2122

(JUDGE CAPUTO)

### __MEMORANDUM__

Presently before the Court are a number of motions by the parties, including: (1) Plaintiff-Counterclaim Defendant Pocono Mountain School District's ("PMSD") Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, to Abstain (Doc. 24); (2) PMSD's Motion to Dismiss Defendants-Counterclaim Plaintiffs T.M. and M.M.'s Counterclaim for Lack of Subject Matter Jurisdiction (Doc. 25); (3) Defendants' Motion for Summary Judgment (Doc. 22); (4) PMSD's Motion for Summary Judgment (Doc. 29); and (5) PMSD's Motion for Summary Judgment on Defendants' Counterclaim (Doc. 26). For the reasons stated below, PMSD's motions to dismiss will be denied. The parties' cross-motions for summary judgment on PMSD's claim will both be granted in part and denied in part. Finally, PMSD's motion for summary judgment on Defendants' counterclaim will be granted.

## BACKGROUND[1]

Defendants-Counterclaim Plaintiffs are T.M. and his father M.M.  At the time of the events giving rise to the present action, T.M. was a minor child and resident of the Pocono Mountain School District.  It is not disputed that T.M. was eligible for the protections of the Individuals with Disabilities Improvement Act[2]  ("IDEIA"). T.M.'s parents wished to obtain his educational records, pursuant to their rights under the statute.  Believing the records to which they had a right of access were withheld, the parents requested an administrative hearing to compel their release by filing a complaint against PMSD.

A hearing took place on July 23, 2007 in front of a Pennsylvania Special Education Hearing Officer.  The Hearing Officer determined that the sole issue was the parents' access to their son's records.  As the parties disagreed over the records to which the parents have a right of access under the IDEIA, the Officer invited them to submit briefs regarding the legal definition of "education record."  In an August 8, 2007 decision, the Officer identified categories of documents which are and are not education records and entered an order identifying categories of records which must be made available to T.M.'s parent and categories which need not be made available.

T.M.'s father, M.M., appealed to the Pennsylvania Special Education Due Process

---

[1]     The background facts are taken from the record of administrative proceedings in this matter.  The administrative decisions discussed herein can be found as exhibits to Defendants-Counterclaim Plaintiffs' Notice of Removal (Ex.1, Doc. 1).

[2]     The Individuals with Disabilities Education Act ("IDEA") was renamed the Individuals with Disabilities Education Improvement Act, effective July 1, 2005. *See* IDEIA, Pub.L. No. 108-446, 118 Stat. 2647 (2004) (amending the IDEA, 20 U.S.C.A. §§ 1400 *et seq.*).

2

Appeals Review Panel ("Appeals Panel") by filing exceptions to the Hearing Officer's decision.[3]  In a September 28, 2007 opinion, the Appeals Panel concluded the Hearing Officer had applied an incorrect legal definition of "education record" and entered the following order:

> [T]he sections of the hearing officer's decision and order that identify categories of documents that will never qualify as "education records" are reversed.  The hearing officer is directed to review any questioned or contested document to determine if it meets [the correct] definition of an "education record."

*See In re The Educational Assignment of T.M., a student in the Pocono Mountain Sch. Dist*., Spec. Educ. Op. No. 1844A, at 5 (Pa. State Educational Agency, 2007) (hereinafter "Appeals Panel Opin.").

PMSD filed a Petition for Review of the Appeals Panel's decision on October 27, 2007, in state court, arguing that the Panel lacked authority as a matter of law to remand to the Hearing Officer for further proceedings.  (Ex. 1, Doc. 1.)  Defendant T.M., by his father M.M., removed the petition to this Court on November 19, 2007.  (Doc.  1.)  They filed an Answer and Counterclaim on the same day, bringing a claim for attorneys' fees.  (Doc. 2.)  Subsequently, PMSD filed motions to dismiss its own claim and the counterclaim for lack of subject matter jurisdiction.  (Docs. 24, 25.)  The parties also filed cross-motions for summary judgment on the sole issue raised by PMSD's petition, namely, whether the Appeals Panel has the power to remand T.M.'s matter for further proceedings.  (Docs. 22, 29.)  Finally, PMSD filed a motion for summary judgment on Defendants' counterclaim for attorneys fees. (Doc. 26.)  All of these motions are fully briefed and ripe for disposition.

---

[3]      T.M.'s mother did not file exceptions to the decision and was improperly named as a party in this action.

3

Case 3:09-cv-02844-ARC Document 40 Filed 11/30/2009 Page 4 of 22

**DISCUSSION**

### I.   Statutory Framework

Section 615 of the IDEIA (codified at 20 U.S.C. § 1415) requires state and local educational agencies receiving federal assistance to establish and maintain procedures in compliance with the section to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education.  Under the section's statutory scheme, a parent may request an impartial due process hearing to enforce the rights and protections afforded by the statute.  20 U.S.C. §§ 1415(b)(6), (f).  Included among these is the right to inspect the education records of their children that relate to the identification, evaluation, educational placement or provision of a free appropriate public education to their children. 34 C.F.R. §§ 300.501(a), 300.613.

The statute permits states to choose between a single tier or two-tier system for resolving disputes between parents and a school district.  In a two-tier system, an initial "impartial due process hearing" occurs at the level of the local educational agency.  20 U.S.C. § 1415(f)(1)(A).  Any party aggrieved by the outcome of the hearing may appeal to the state educational agency, which is charged with conducting an impartial review and rendering an independent decision upon completion.  *Id*. § 1415(g).  Any party aggrieved by the outcome of this appeal has a right to bring an action in state court or federal district court.  *Id*. § 1415(i)(2).  At the time of the administrative proceedings underlying this action, Pennsylvania had a two-tier system.[4]

---

[4]     Pennsylvania amended its state regulations implementing the IDEIA to employ a single-tier system, effective July 1, 2008. *See* 22 Pa. Code. § 14.162 (as amended June 27, 2008).  The changes do not apply to this case, as the administrative complaint was filed before the effective date.

4

## II.    Motions to Dismiss

PMSD brings two motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); it brings a motion to dismiss its own claim—originally brought in state court and removed to this Court—and a motion to dismiss Defendants' counterclaim for attorneys' fees.

### A.    12(b)(1) Standard

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action where the court lacks jurisdiction over the subject matter of that action.  FED. R. CIV. P. 12(b)(1).  A party may challenge the existence of subject matter jurisdiction in two fashions.  *See Mortensen v. First Fed. Sav. And Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  Where a party attacks the complaint as deficient on its face, the Court must assume that "the allegations contained in the complaint are true."  *Id.*  In deciding a Rule 12(b)(1) facial attack, the court may only consider the allegations contained in the complaint and the exhibits attached to the complaint; matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies; and "undisputably authentic" documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss.  *Hunter v. United States*, No. 00-cv-0036, 2000 U.S. Dist. LEXIS 20206, at *6-*7  (M.D. Pa. Dec. 15, 2000).  *See generally Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993).  In the present matter, both of PMSD's motions present facial challenges.

---

*Cf. Derrick F. v. Red Lion Area Sch. Dist.*, 586 F. Supp. 2d 282, 288 n. 1 (M.D. Pa. 2008).

5

B. *PMSD's Motion to Dismiss its Own Claim (Doc. 24)*

Apparently in response to the action's removal to federal court, PMSD moves for dismissal of its own claim for lack of subject matter jurisdiction. It argues that its petition for review raises no federal question because its sole objection to the Appeals Panel decision references only the state regulations creating the state administrative procedure implementing the IDEIA. (*See* Pet. for Review ¶ 7, Ex.1, Doc. 1.) ("The sole issue for the Court is whether the Appeals Panel has authority under 22 Pa. Code. § 14.162 to remand its decision to the Hearing Officer for further review and action.").

The Court disagrees with PMSD for several reasons. First, the IDEIA specifies that a party aggrieved by findings and decision of an impartial review has a right to bring a civil action in any state court of competent jurisdiction or in a federal district court. 20 U.S.C. § 1415(i)(2)(A). To this end, the statute contains a provision specifically granting jurisdiction to federal district courts to entertain such actions without regard to the amount in controversy. *Id*. § 1415(i)(3)(A). Indeed, PMSD's petition for review of the Appeals Panel decision cites the federal statute in its jurisdictional statement. (Pet. ¶ 1.)

Second, even if this provision did not exist, the Court has jurisdiction under 28 U.S.C. § 1331, which affords jurisdiction to federal district courts in all actions "arising under the Constitution, laws, or treaties of the United States." PMSD's right of action was created by a federal statute. 20 U.S.C. § 1415(i)(2)(A). A determination of PMSD's objection to the Appeals Panel decision necessitates reference to the rights and procedures created by the IDEIA. Indeed, the state regulation cited by PMSD was adopted to satisfy the statutory requirements of the IDEIA. *See* 20 U.S.C. § 1415(a) ("[a]ny State educational agency, State

6

agency, or local educational agency that receives assistance under this part shall establish and maintain procedures in accordance with this section"); 22 Pa. Code. § 14.102 ("The purposes of this chapter are to serve the following: ... To adopt Federal regulations by incorporation by reference to satisfy the statutory requirement under [the IDEIA]...."). Though PMSD phrases the issue only in terms of what is required under state regulations, it is well-settled that a plaintiff "may not defeat removal by failing to plead necessary federal questions." *Meier v. Hamilton Standard Elec. Sys., Inc.*, 748 F. Supp. 296, 299 (E.D.Pa. 1990) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22 (1983)).

PMSD argues in the alternative that the Court should abstain from deciding this case based either on the *Rooker-Feldman* doctrine or the *Younger* doctrine. The Court disagrees as to both. The *Rooker-Feldman* doctrine is inapposite here because this action is not an appeal from a state court judgment. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine is "confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

The doctrine announced by *Younger v. Harris*, 401 U.S. 37 (1971), has been applied to counsel abstention in favor of ongoing state administrative proceedings in certain circumstances, *see e.g., Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619 (1986). The Court notes, however, that PMSD's suggestion that this Court should abstain in favor of ongoing administrative proceedings is directly in conflict with its position that the Appeals Panel lacked the authority to remand for further proceedings. As the

7

question presented is precisely whether the administrative proceedings *should* be ongoing, the Court declines to abstain on *Younger* grounds. Moreover, the IDEIA specifically vests this Court with jurisdiction to hear actions aggrieving such state administrative decisions; *Younger* abstention is not appropriate in such circumstances. *Evans v. Evans*, 818 F. Supp. 1215, 1225 (N.D. Ind. 1993).

Based on the foregoing, the Court will deny PMSD's motion to dismiss its claim for lack of subject matter jurisdiction (Doc. 24).

### C.   *PMSD's Motion to Dismiss Counterclaim (Doc. 25)*

PMSD also moves for dismissal of Defendants' counterclaim for attorneys' fees for lack of subject matter jurisdiction. (Doc. 25.)

Section 1415(i)(3)(B) of the IDEIA provides that "in any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs" to certain prevailing parties. There is no question that, as a general matter, a district court has subject matter jurisdiction over a claim for attorney's fees brought in a civil action authorized under the IDEIA, as the right to recover such fees is specifically created by federal law. 20 U.S.C. § 1415(i)(3)(B). Moreover, courts have held a district court has subject matter jurisdiction even where a party brings a cause of action solely for fees incurred in IDEIA state administrative proceedings. *E.g., Brown v. Griggsville Comty. Unit Sch. Dist. No. 4*, 12 F.3d 681, 683 (7th Cir. 1993); *Woodside v. Sch. Dist.*, No. 99-cv-1830, 2000 U.S. Dist. LEXIS 568, at *4-*5 (E.D. Pa. Jan. 27, 2000).

However, PMSD asserts that the Court lacks jurisdiction because Defendants failed

8

to exhaust their administrative remedies before bringing their counterclaim.  PMSD argues:

> By removing the instant matter to this Court at its current procedural status, Defendants failed to allow for completion of the state administrative process ... Such action constitutes a failure to exhaust administrative remedies required to confer subject matter jurisdiction upon a federal court, as the state administrative process is capable of providing relief, i.e. an order requiring the disclosure of the records sought by Defendants.

(PMSD Mem. of Law in Supp. of Mot. to Dismiss 10, Doc. 33.)

As PMSD correctly points out, the exhaustion of administrative remedies is a jurisdictional requirement in the IDEIA context.  *Polera v. The Bd. of Educ. of the Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 483 (2d Cir. 2002); *W.B. v. Matula*, 67 F.3d 484, 493 (3d Cir. 1995).  While the Third Circuit Court of Appeals has held that exhaustion is excused where, as here, the administrative agency cannot grant the relief sought,[5] *Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778 (3d Cir. 1994), PMSD cites at least one district court in the Third Circuit holding that exhaustion is not excused if the administrative process is capable of affording plaintiff some form of relief, even if it cannot grant the requested relief, *Brandon V. v. Chichester Sch. Dist. and Del. County Intermediate Unit*, No. 06-cv-4687, 2007 U.S. Dist. LEXIS 53852, at *11-*12 (E.D. Pa. July 25, 2007).

It is true that the administrative process in this case has not yet resulted in a determination of the parties' respective rights, as there has been no determination on

---

[5]  The IDEIA empowers a state or federal district court to awards attorneys' fees in "any action or proceeding" brought under 20 U.S.C. § 1415 to certain prevailing parties, but does not so empower a state administrative body.  20 U.S.C. § 1415(i)(3); *see also* Kurtis A. Kemper, Annotation, *Jurisdiction of Court to Award Attorney's Fees as Part of Costs Under Individuals with Disabilities Education Act, 20 U.S.C.A. § 1415(i)(3)(B)*, 27 A.L.R. Fed. 2d 341 (2008) ("an administrative agency is without authority to award attorney's fees").

9

whether Defendants are entitled to the particular documents sought.  However, in *Brandon* and the district court cases on which it bases its conclusion, plaintiffs had not utilized the administrative process at all.  *See Brandon*, 2007 U.S. Dist. LEXIS 53852, at *10 (parties agreed plaintiffs failed to exhaust administrative remedies); *Gutin v. Washington Twp. Bd. of Educ.*, 467 F. Supp. 2d 414, 429 (D.N.J. 2006) (no administrative determination of issue for which plaintiffs claimed damages in district court); *Blanck v. Exeter Sch. Dist.*, No. 01-cv-1402, 2002 U.S. Dist. LEXIS 19101, at *1-*2, *7-*8) (student's disability status never determined at administrative level); *Lindsley v. Girard Sch. Dist.*, 213 F. Supp. 2d 523, 535 (W.D. Pa. 2002) (same). In these cases, the issue was whether such parties should be excused from the exhaustion requirement based on the type of relief sought.

Here, Defendants need not be excused from the exhaustion requirement because the Court finds they complied with the necessary statutory requirements prior to bringing their counterclaim.  The IDEIA requires that an aggrieved party file a civil action only after an appeal has been made to the state educational agency, pursuant to 20 U.S.C. § 1415(g), or after a due process hearing from which the party does not have the right to appeal.  20 U.S.C. § 1415(i)(2); *Falzett v. Pocono Mountain Sch. Dist.*, 150 F. Supp. 2d 699, 702 n. 3 (M.D. Pa. 2001).  Defendants have completed these requirements and seek attorneys fees for those administrative proceedings which have already taken place as well as proceedings in this Court.  While PMSD argues that the lack of a final determination on the respective parties' rights means that there is no "prevailing party" to which fees may be awarded under the statute, this argument goes to the merits of the attorneys' fee claim, not the question of whether the Court has subject matter jurisdiction to hear the claim.

For the above reasons, the Court will deny PMSD's motion to dismiss Defendants' counterclaim for lack of jurisdiction (Doc. 25).

## II.    Motions for Summary Judgment

Three motions for summary judgment have been filed in this action.  PMSD and Defendants filed cross-motions for summary judgment on PMSD's petition for review of the Appeals Panel decision.  (Docs. 22, 29.)  In addition, PMSD moves for summary judgment on Defendants' counterclaim.  (Doc. 26.)

### A.    Standard

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law.

### B.    Cross-Motions for Summary Judgment (Docs. 22, 29)

Both parties have moved for summary judgment on the sole issue raised by PMSD in its petition, namely, whether the Appeals Panel exceeded its authority by remanding the case on T.M.'s educational records to the Hearing Officer for further proceedings.  The parties agree that there is no dispute of material fact[6] and that the issue before the court is

---

[6]     The Court notes that neither party submitted with its motion "a separate, short and concise statement of the material facts, in numbered

a question of law.  (Joint Case Management Plan ¶¶  1.20, 9.0, Doc. 19.)

PMSD argues that the Appeals Panel has no power to send T.M.'s matter back to the Hearing Officer for further proceedings.  In its petition for review, it requests as remedy that the Panel's decision be reversed.  (Pet. ¶ 8.)  Defendants argue the remand was within the Panel's authority and, even if it was not, the correct remedy for the error is remand by this Court to the Panel or the Hearing Officer for a final decision.

PMSD argues that under *Muth v. Central Bucks School District*, 839 F.2d 113 (3d Cir. 1988), *rev'd on other grounds*, 491 U.S. 223 (1989), it is established Third Circuit law that there is no power to remand following an impartial review in the context of IDEIA administrative procedures.  The *Muth* court addressed the Education of the Handicapped Act ("EHA"), precursor to the IDEIA.  *Id*. at 116.   There, plaintiff parent argued that Pennsylvania's administrative procedures implementing the EHA violated rights guaranteed by the statute and its promulgating federal regulations to the extent they allowed remand within the administrative tiers.  *Id*.  Plaintiff had requested and  received a hearing on the question of whether the school district was providing his disabled son an appropriate education.  *Id*. at 117.  After receiving the Hearing Officer's decision, both parties appealed

---

paragraphs, as to which the moving party contends there is no genuine issue to be tried" as required by Local Rule of Court 56.1.  Rather, both parties provide a description of the case's facts and context in their briefs, which do not constitute part of the evidentiary record.  However, because the Court finds facts sufficient to decide the relevant legal issue in the administrative record on this matter, the Court will not deny the motions on the basis of their non-compliance with Local Rule 56.1.  S*ee, e.g., Gant v. Absolute Mach. Tools, Inc.*, No. 06-cv-1354, 2007 WL 2908254 (M.D. Pa. Oct. 4, 2007) (recommending denial of motion for non-compliance with Local Rule 56.1).  However, the Court admonishes the parties to follow the Local Rules in the future.

12

to the state level. *Id*. at 118. The matter was then remanded to the Hearing Officer for further proceedings. *Id*. Principally because of the remand, plaintiff did not receive a final decision for over a year after the school board received the parent's initial request for a hearing. *Id*. at 124. The state-level body argued that the remand was permissible because it was not specifically prohibited by federal law. *Id*. The court disagreed, ruling that in the context of the EHA, a remand following an impartial review was fundamentally inconsistent with the federal statutory and regulatory scheme, which was geared towards the prompt resolution of disputes. *Id*. As the court noted, the regulations "impose[ ] a stringent timetable that, absent reasonable requests for continuances, guarantees an administratively final and judicially reviewable decision no later than 75 days from the date of receipt of the request for a due process hearing." *Id*. at 125. It thus concluded, "[i]f the Act contemplated such action in this context, we are confident that [the federal regulation] would have provided some time limitation on remand proceedings." *Id*. The Third Circuit Court of Appeals affirmed *Muth's* holding in *Carlisle Area School v. Scott P. & Through Bess P.*, 62 F.3d 520, 526 (3d Cir. 1995), stating "In [*Muth*], we specifically prohibited the use of remands to administrative hearing officers for further proceedings."

*Muth's* holding prohibiting remand has not been overruled and current federal regulations continue to impose a stringent timetable[7] between the initial request for a hearing

---

[7]     34 C.F.R. § 300.510 provides that, subject to certain enumerated exceptions, if the local education agency has not resolved a parent's due process complaint to her satisfaction within thirty (30) days of its receipt, the due process hearing may occur. Section 300.515 requires that the public agency ensure a final decision is reached in the hearing no more than forty-five (45) days after expiration of this thirty (30) day period. That section further requires that the state educational agency must ensure, upon request for review, a final decision is reached in the review no more

13

and the time a final decision is reached, and still do not provide a provision on remand. 34 C.F.R. §§ 300.510, 300.515. The Court must therefore conclude that *Muth* provides the rule of decision in this case.

Defendants do not dispute the general rule against remand, but argue they fall within an exception. They point to several Appeals Panel decisions in which the second-tier body remanded to the first-tier where the latter had yet to conduct a hearing or receive evidence. *See In re The Educational Assignment of S.D., a student in the Saint Clair Area Sch. Dist.*, Spec. Educ. Op. No. 1101 (Pa. State Educational Agency, 2001); *In re The Educational Assignment of K.W., a student in the Susquehanna Twp. Sch. Dist.*, Spec. Educ. Op. No. 1125 (Pa. State Educational Agency, 2001). However, these cases are distinguishable from the present case, in which, while the Hearing Officer did not receive factual evidence, she conducted a hearing and rendered a final, reviewable. In short, the administrative decisions cited by Defendant were remanded because the was no hearing decision to review, which is not the case here. Moreover, to the extent that the cited administrative decisions purport to create an exception to the *Muth* rule, as Defendants argue, they are not binding on this Court. Rather, the Court applies the blanket prohibition on remand articulated by the Third Circuit Court of Appeals.

However, while the Court agrees with PMSD's legal position that the Appeals Panel was prohibited from remanding to the Hearing Officer, its requested remedy is not clear. PMSD's petition simply requests that this Court reverse the Appeals Panel decision, but does not specify whether it requests reversal of the whole decision (including legal

---

than thirty (30) days after receipt of the request.

conclusions) or simply the decision to remand. As the only question before this Court is that of the remand order, this is the only aspect of the Panel's decision that may be properly reversed.

The Court agrees with Defendants' alternative argument that, in reversing the remand, this Court may itself remand the matter to the Panel for entry of a final decision. The Third Circuit Court of Appeals has specifically approved the use of judicial remands to the Appeals Panel. *Carlisle Area School*, 62 F.3d at 526 ("while the statute clearly proscribes remands within the state's administrative system, we see no basis for prohibiting judicial remands"). In holding the Panel erred in ordering remand, the Court necessarily implies that it should have rendered a final determination of the parties' respective rights, as required by federal regulation. *See* 34 C.F.R. § 300.515(b) ("The [state educational agency] must ensure that not later than 30 days after the receipt of a request for a review ... [a] final decision is reached in the review....").[8] Thus, remand for entry of such decision is the necessary outcome.

These conclusions place the Court in a strange position given the lack of clarity surrounding PMSD's requested relief. To the extent the PMSD seeks reversal of the Panel's remand order, such request is not inconsistent with Defendants' alternative argument that the Court should remand the matter to the Appeals Panel. The Court will therefore grant in party and deny in part both parties' motions for summary judgment. I will grant PMSD's motion to the extent it seeks reversal of the Appeals Panel order remanding to the Hearing

---

[8] In aid of its obligation to reach a final decision on review, 34 C.F.R. § 300.515(b)(1), the Appeals Panel has the power to seek additional evidence if necessary, including the authority to hold an evidentiary hearing. *Id*. § 300.514(b)(2)(iii).

Officer for further proceedings. I will deny the motion to the extent it seeks reversal of the Hearing Officer's legal conclusions. Defendant's motion seeks any of three alternative remedies; the Court will grant the motion to the extent it asks the Court to "[r]emand[ ] the case to the Appeals Panel with instructions to issue a final, appealable order to the district to produce all documents concerning T.M. that meet the definition of "education records" set forth in the Panel's decision."[9] (Defs.' Mem. in Supp. of Mot. for Summ. J. 12.) I will deny the motion in all other respects.

> C. *PMSD's Motion for Summary Judgment on Counterclaim for Attorneys' Fees (Doc. 26)*

PMSD also moves for summary judgment on Defendants' counterclaim for attorneys' fees (Doc. 26). Again, the parties agree there is no dispute of fact as to this motion and that it presents only a question of law.[10]

---

[9] The alternative remedies sought by Defendants are:

(1) Remanding the case to the Appeals Panel, with instructions to remand the case to the Hearing Officer to hold an evidentiary proceeding to review the documents concerning T.M. that are maintained by the school district to determine whether they meet the definition of "education records" as set forth in the Panel's decision of September 28, 2007;

(2) Remanding the case directly to the Hearing Officer with the same instruction as above[.]

(Defs.' Mem. in Supp. of Mot. for Summ. J. 12.)

[10] The Court again notes PMSD's failure to submit a statement of undisputed facts and again takes the facts necessary to decide the motion from the administrative record. The Court reiterates its above-stated admonition regarding compliance with Local Rule 56.1.

16

The IDEIA permits the recovery of attorneys' fees by certain prevailing parties. The statute states in relevant part, "[i]n any action or proceeding brought under [20 U.S.C. § 1415], the court, in its discretion, may award attorneys' fees as part of the costs ... to a prevailing party who is the parent of a child with a disability...." 20 U.S.C. § 1415(i)(3)(B). The parties contest whether M.M., as a parent of a child with a disability, is a "prevailing party."

To determine whether a party is a prevailing party in the IDEIA context, the Third Circuit Court of Appeals has articulated a two-prong test: "First, 'whether plaintiffs achieved relief," and second, 'whether there is a causal connection between the litigation and the relief from the defendant.'" *J.O. v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 271 (3d Cir. 2002) (quoting *Wheeler v. Towanda Area Sch. Dist.*, 950 F.2d 128, 131 (3d Cir. 1991)). "A party need not achieve all of the relief requested nor even ultimately win the case to be eligible for a fee award." *Id.* However, "at a minimum, to be considered a prevailing party ... the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (U.S. 1989); *see also P. N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 855 (3d Cir. 2006) (applying standard to IDEIA). To show a change in the legal relationship between the parties, the relief must "modify[ ] the defendant's behavior in a way that directly benefits the plaintiff." *Ridgewood Bd. of Educ. v. N.E. for M.E.*, 172 F.3d 238, 251 (3d Cir. 1999) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)).

PMSD argues that Defendants have not achieved resolution of a dispute altering the legal relationship between the parties by modifying PMSD's behavior to their benefit.

17

Defendants argue that altering the legal relationship does not require "full and final implementation." (Defs.-Countercl. Pls.' Mem. of Law in Opp'n to Mot. for Summ. J. 8, Doc. 39.) They argue the legal relationship was altered by the Appeals Panel decision in that "T.M.'s father now has a legally enforceable right to compel [PMSD] to grant him access to all his son's education records." (*Id*.)

Defendants' argument mischaracterizes the Appeals Panel opinion. Neither party disputed before either administrative tier that T.M.'s father has a right of access to all his son's educational records, but rather disputed which records qualified as such. The Appeals Panel did not create a new right, but defined the parameters of an existing one. Far from determining the particular records to which T.M.'s father has a right of access, the Panel stated that "*it is quite possible* that items falling within the broad categories of documents summarily excluded as 'education records' by the hearing officer" fall within the definition of education records identified by the Panel. Appeals Panel Opin. 4-5 (emphasis added). It further stated that "[i]n order to determine if a questioned or contested document does or does not qualify as an education record, the hearing officer must review and test that record with reference to the [the definition articulated by the Panel.]" *Id*. at 5.

The Court agrees with PMSD that without a final, enforceable determination of the parties' rights with respect to the disputed documents, Defendants cannot show that PMSD *must* give M.M. access to any requested record.[11] Essentially, the claim for attorneys' fees

---

[11]     Though the Court held above that the Appeals Panel erred in directing the Hearing Officer to conduct further proceedings, the fact remains that in its current posture, the matter lacks a final determination of the parties' rights and obligations. The above holding, therefore, does not impact on the Court's analysis of the counterclaim.

18

is premature. "Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement ... [o]therwise the judgment or settlement cannot be said to 'affect the behavior of the defendant toward plaintiff.'" *Farrar*, 506 U.S. at 111 (quoting *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988)).

Defendants additionally cite *Former Employees of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1366 (Fed. Cir. 2003), for the proposition that a party securing a remand requiring further agency proceedings because of an error by the agency is a prevailing party regardless of the outcome of the agency proceedings. This case is distinguishable. There, a party secured a remand from a federal district court to an administrative body. *Id*. The court distinguished between such circumstances and a remand within the federal court system, which generally does not confer prevailing party status. *Id.* Remand from the court to the administrative body is different from a remand within the court system, the court reasoned, because "the court proceeding is treated as a separate proceeding from the administrative proceeding...." *Id.* at 1365. Here, there is no "separate proceeding" because the remand at issue took place between tiers of the administrative system.

Finally, Defendants-Counterclaim Plaintiffs argue that they prevailed in a related Appeals Panel Opinion (1844B) which apparently arose from the same dispute between the parties. Panel opinion 1844B was not raised in the counterclaim and is therefore waived as a basis for recovery here.

For the foregoing reasons, Defendants-Counterclaim Plaintiffs cannot show that M.M. is a "prevailing party who is the parent of a child with a disability...." 20 U.S.C. §

19

1415(i)(3)(B).  The Court will therefore grant PMSD's motion for summary judgment on the counterclaim.

## CONCLUSION

For the reasons previously stated, the Court will deny PMSD's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, to Abstain (Doc. 24) and PMSD's Motion to Dismiss Defendants' Counterclaim for Lack of Subject Matter Jurisdiction (Doc. 25).  The Court will grant in part and deny in part PMSD's Motion for Summary Judgment (Doc. 29).  The motion will be granted to the extent it seeks reversal of the Appeals Panel's September 28, 2007 order directing the Hearing Officer to conduct further proceedings on the above-captioned matter.  PMSD's motion for summary judgment will be denied in all other respects.  The Court will grant in part and deny in part Defendants' Motion for Summary Judgment (Doc. 22).  The motion will be granted to the extent it asks this Court to remand the above-captioned matter to the Appeals Panel for entry of a final order determining the parties' rights with respect to the disputed documents, in conformity with its September 28, 2007 opinion.  Defendants' motion for summary judgment will be denied in all other respects.  Finally, PMSD's Motion for Summary Judgment on Defendants' Counterclaim (Doc. 26) will be granted.

An appropriate Order follows.


March 23, 2009                              /s/ A. Richard Caputo     
Date                                        A. Richard Caputo
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

POCONO MOUNTAIN SCHOOL
DISTRICT,

     Plaintiff,

          v.

T.M., by and through M.M. and J.B.,

     Defendants.

NO. 3:07-cv-2122

(JUDGE CAPUTO)

**ORDER**

**NOW**, this   23rd   day of March, 2009, **IT IS HEREBY ORDERED** that:

(1)    Plaintiff-Counterclaim Defendant Pocono Mountain School District's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, to Abstain (Doc. 24) is **DENIED.**

(2)    Plaintiff-Counterclaim Defendant's Motion to Dismiss Defendants-Counterclaim Plaintiffs T.M. and M.M.'s Counterclaim for Lack of Subject Matter Jurisdiction (Doc. 25) is **DENIED.**

(3)    Plaintiff-Counterclaim Defendant's Motion for Summary Judgment (Doc. 29) is **GRANTED in part** and **DENIED in part** as follows:

    (A)    The motion is **GRANTED** to the extent it seeks reversal of the Pennsylvania Special Education Due Process Appeals Review Panel's remand of the above-captioned matter to the Pennsylvania Special Education Hearing Officer for further proceedings, as per its Opinion and Order of September 28, 2007.

    (B)    The motion is **DENIED** in all other respects.

(4)    Defendants-Counterclaim Plaintiffs' Motion for Summary Judgment (Doc. 22) is **GRANTED in part** and **DENIED in part** as follows:

    (A)    The motion is **GRANTED** to the extent it seeks remand of the above-captioned matter by this Court to the Pennsylvania Special Education

Due Process Appeals Review Panel for further proceedings consistent with this Opinion.

    (B)    The motion is **DENIED** in all other respects.

(5)    Plaintiff-Counterclaim Defendant's Motion for Summary Judgment on Defendants-Counterclaim Plaintiffs' Counterclaim (Doc. 26) is **GRANTED.**

(6)    The above-captioned matter is **REMANDED** to the Pennsylvania Special Education Due Process Appeals Review Panel for further proceedings consistent with this Opinion.

(7)    The Clerk of Court shall mark this case as **CLOSED.**

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge