# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MEDICI, | |
| Plaintiff, | CIVIL ACTION NO. 09-CV-2344 |
| v. | (JUDGE CAPUTO) |
| POCONO MOUNTAIN SCHOOL DISTRICT, DWIGHT R. PFENNING, Superintendent, | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is Defendants Pocono Mountain School District and Dwight Pfenning's Motion to Dismiss. (Doc. 5.) For the reasons discussed below, Defendants' motion will be granted in part and denied in part. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(3)(A).

## **BACKGROUND**

The facts as alleged in Plaintiff's Complaint are as follows:

Plaintiff Michael Medici ("Medici") is the father of T.M., a special education student who was enrolled in the Pocono Mountain School District ("PMSD"). (Compl. ¶ 7, Doc. 1.) Defendant PMSD is an education agency that provides special education services to students with disabilities who reside in the district. (Compl. ¶ 10). Defendant Dwight Pfennig is the Superintendent of the PMSD and is responsible for the administration of all educational programs in the PMSD. (Compl. ¶ 12.)

Medici requested access to his son's education records. (Compl. ¶ 16.) When PMSD

failed and refused to produce the records, Medici requested a due process hearing. (Compl. ¶ 16.) A hearing officer was assigned and a hearing was convened on July 23, 2007. (Compl. ¶ 16.) The hearing officer received no evidence, but ruled that a number of documents were not educational records. (Compl. ¶ 17.) Medici appealed the decision to the Special Education Due Process Appeals Review Panel ("Review Panel"). (Compl. ¶ 18.) The Review Panel held that the hearing officer applied an incorrect legal definition of "education record" and remanded the case back to the hearing officer. (Compl. ¶ 19.) PMSD filed a petition for review of the Review Panel's determination. (Compl. ¶ 20.) On March 29, 2009, the United States District Court for the Middle District of Pennsylvania held that the Review Panel, not the hearing officer, must determine the records Medici could access. (Compl. ¶ 22.)

On remand from the district court, the Review Panel issued a final decision on August 31, 2009. (Compl. ¶ 23.) The Review Panel denied Medici's request for test protocols, the answer booklets and scoring sheets generated when a standardized test is administered. (Compl. ¶ 23.) The Review Panel acknowledged that there was precedent for ordering a school to produce test protocols in certain circumstances, but reasoned that these records fell under the exception for records kept in the sole possession of the maker. (Compl. ¶ 23.) However, the Review Panel had no evidence that the test protocols were in fact kept in the sole possession of the test administrator. (Compl. ¶ 23.) The Review Panel further held that PMSD was not obligated to provide the test protocols because copying the test protocols can violate copyright laws. (Compl. ¶ 24.) The Review Panel also held that handwritten, typewritten or e-mail corresspondence between or among teachers, staff and parents that were related to T.M. were education records that should be provided. (Compl. ¶ 28.) PMSD

2

has not given Medici access to those educational records. (Compl. ¶ 29.)

Medici filed a complaint in the United States District Court for the Middle District of Pennsylvania on November 30, 2009. (Doc. 1.) Defendants filed a Motion to Dismiss on January 4, 2010. (Doc. 5.) This motion has been briefed by both sides and is now ripe for disposition.

## LEGAL STANDARD

### I.     Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action where the court lacks jurisdiction over the subject matter of that action. FED. R. CIV. P. 12(b)(1). A defendant may challenge the existence of subject matter jurisdiction in two fashions. *See Mortensen v. First Fed. Sav. And Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Where a defendant attacks the complaint as deficient on its face, the Court must assume that "the allegations contained in the complaint are true." *Id.* In deciding a Rule 12(b)(1) facial attack, the court may only consider the allegations contained in the complaint and the exhibits attached to the complaint; matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies; and "undisputably authentic" documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss. *Hunter v. United States*, No. 00-cv-0036, 2000 U.S. Dist. LEXIS 20206, at *7 (M.D. Pa. Dec. 15, 2000). *See generally Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993).

3

However, when the motion to dismiss attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to the allegation included in the plaintiff's complaint. *Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000) (quoting *Mortensen*, 549 F.2d at 891). Thus, the Court may weigh all of the available evidence to satisfy itself that subject matter jurisdiction indeed exists. *Id*. It is important to note also that the existence of disputed material facts will not preclude the Court from evaluating the jurisdictional allegations set forth in the complaint. *Gould Elecs., Inc. V. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

**II.    Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a

4

defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

**I.      Statutory Framework**

Section 1415  (codified at 20 U.S.C. § 1415) of the Individuals with Disabilities Education Improvement Act ("IDEIA")[1] requires state and local educational agencies receiving federal assistance to establish and maintain procedures in compliance with the section to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education.  Under the section's statutory scheme, a parent may request an impartial due process hearing to enforce the rights and protections afforded by the statute. 20 U.S.C. §§ 1415(b)(6), (f). Included among these is the right to inspect the education records of their children that relate to the identification, evaluation, educational placement or provision of a free appropriate public education to their children. 34 C.F.R. §§ 300.501(a), 300.613.

The statute permits states to choose between a single tier or two-tier system for resolving disputes between parents and a school district.  In a two-tier system, an initial "impartial due process hearing" occurs at the level of the local educational agency. 20 U.S.C. § 1415(f)(1)(A).  Any party aggrieved by the outcome of the hearing may appeal to the state educational agency, which is charged with conducting an impartial review and rendering an independent decision upon completion. *Id*. § 1415(g).  Any party aggrieved by the outcome of this appeal has a right to bring an action in state court or federal district court. *Id*. § 1415(i)(2). At the time of the administrative proceedings underlying this action, Pennsylvania

---

[1] The Individuals with Disabilities Education Act ("IDEA") was renamed to the IDEIA effective July 1, 2005.  For consistency, all references to IDEA have been modified to IDEIA in this opinion.

6

had a two-tier system.[2]

Medici seeks three types of relief: (1) an order to PMSD to produce the education records as ordered by the Review Panel; (2) an order to PMSD to produce the test protocols, effectively reversing the Review Panel's determination; and (3) an award of reasonable attorney fees and costs. Defendants move to dismiss Medici's Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction, and under Rule 12(b)(6) for failure to state a claim. I will consider each of these arguments in turn.

## II. Jurisdiction

Defendants argue that this Court lacks subject matter jurisdiction to review Medici's request for attorney fees because Medici lacks standing to bring this claim. There is no dispute that ordinarily attorney fees may be awarded under IDEIA. 20 U.S.C. § 1415(i)(3)(B). Defendants argue that Medici has assigned those rights to his former counsel, the Public Interest Law Center of Philadelphia, and therefore no longer has standing to assert such a claim. (Def. Br. in Support 18, Doc. 6.) Defendants argument, however, paints too broadly Medici's claim for attorney fees. A party can potentially recover attorney fees for all parts of the process used to obtain relief under the IDEIA. Even if Medici assigned the rights to the fees prior to the present litigation, he could still potentially recover attorney fees for the costs of the present litigation. Because § 1415(i)(3)(B) authorizes Medici's claim, Defendants' motion to dismiss for lack of subject matter jurisdiction will be denied.

---

[2] Pennsylvania amended its state regulations implementing the IDEIA to employ a single-tier system, effective July 1, 2008. *See* 22 Pa. Code. § 14.162 (as amended June 27, 2008). The changes do not apply to this case, as the administrative complaint was filed before the effective date.

7

**III. Failure to State a Claim**

    A. Prior Settlement

Defendants argue that the a settlement agreement between the parties defeats Medici's current claims. Medici correctly argues that under the standard of Rule 12(b)(6) it is inappropriate to consider documents beyond the complaint unless they were attached to the complaint or referenced in the complaint, or if the court takes judicial notice of the documents. *See Pension Benefit Guar. Corp.* 998 F.2d at 1196. The attached does not fit any of these categories, and therefore, it is inappropriate to consider such evidence at this stage. Defendants' motion to dismiss on the grounds of the prior settlement will be denied.

    B. Enforcement Claim

Defendants next argue that Medici fails to state a claim for enforcement of the Review Panel's determination. Medici argues that this Court may enforce the decision of the Review Panel pursuant 20 U.S.C. § 1415(i)(2). Section 1415(i)(2) provides:

> (A) In general. Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

20 U.S.C. § 1415(i)(2)(A). The Third Circuit Court of Appeals has not ruled whether a party seeking to enforce a favorable decision at the administrative level is an aggrieved party under § 1415. *D.E. v. Central Dauphin School Dist.*, No. 1:06-cv-2423, 2009 WL 904960, at * 5 (M.D. Pa. Mar. 31, 2009). In *Jeremy H. by Hunter v. Mount Lebanan School District*,

95 F.3d 272 (3d Cir. 1986), the Third Circuit Court of Appeals stated "[t]here may be some question whether [an enforcement claim] can properly be pursued under [§ 1415(i)(2)]."[3] The court declined to resolve this question finding that an enforcement could be brought under 42 U.S.C. § 1983. *Id.* While Medici may be able to seek enforcement of the decision under § 1983, in the present case Medici has brought a claim only under § 1415, requiring this Court to determine whether this section alone creates a cause of action for Medici.

I find that a plaintiff seeking enforcement of a favorable administrative decision under the IDEIA may not bring a claim under § 1415(i)(2). The language of this section requires the party to be "aggrieved *by the findings and decision.*" 20 U.S.C. § 1415(i)(2)(A) (emphasis added). In an enforcement action, it is the failure to comply with the decision, not the findings and decision, that has "aggrieved" the party bringing the claim. Other district courts in this circuit who have considered this question have come to this same conclusion. *D.E. v. Central Dauphin School Dist.*, 2009 WL 904960, at * 5*; W.K. v. Sea Isle City Bd. of Educ.*, No. 06-cv-1815, 2007 U.S. Dist. LEXIS 8342, at * 9 (D.N.J. Feb. 5, 2007); *L.J. v. Audubon Bd. of Educ.*, No. 06-cv-5350, 2006 U.S. Dist. LEXIS 96510, * 6 (D.N.J. Dec. 22, 2006). Likewise, courts outside this circuit have also determined that § 1983, not § 1415 is the correct vehicle for enforcing an IDEIA administrative decision. *Robinson v. Pinderhughes*, 810 F.2d 1270, 1273-74 (4th Cir. 1987); *McAdams ex rel. McAdams v. Bd. of Educ.*, 216 F. Supp. 2d 86, 93-94 (E.D.N.Y. 2002); *Moubry v. Independent Sch. Dist. No. 696*, 951 F. Supp. 867, 885-86 (D. Minn. 1996); *Grace B. v. Lexington Sch. Comm.*, 762 F.

---

[3] At the time of *Jeremy H.*, the provisions of current § 1415(i)(2) were codified at § 1415(e)(2). This reference has been replaced for clarity. *See D.E. v. Central Dauphin*, 2009 WL 904960 at * 5 n.4.

Supp. 416, 419 (D. Mass. 1991). Defendants' motion to dismiss Medici's claim for enforcement under § 1415 will be granted.

   C.  Disclosure of Testing Protocols

Turning finally to Medici's claim for access to the testing protocols, Defendants argue that this Court should give deference to the determination of the Review Panel. There is no question that the IDEIA permits a parent to review their child's educational records. 20 U.S.C. § 1415(b)(1); 34 C.F.R. §§ 300.501(a), 300.613. The only dispute is whether the testing protocols qualify as educational records. The Review Panel denied Medici's request for access because the testing protocols were records kept in the sole position of the maker. 34 C.F.R.§ 99.3 (defining educational records and exceptions). Looking only to the allegations in Medici's complaint, he has sufficiently alleged a claim for access and has properly alleged the requirements necessary to bring this claim before this Court.[4] *See* 20 U.S.C. § 1415(i)(2). Because Medici states a claim for relief under IDEIA to gain access to the testing protocols, Defendants' motion to dismiss this claim will be denied.

**CONCLUSION**

Medici sufficiently alleges claims for disclosure of test protocols and the recovery of attorney fees under the IDEIA, therefore, the Court will deny the Defendants' motion as to those claims. As to Medici's claims seeking enforcement of the favorable portions of the Review Panel's determination, Defendants' motion will be granted because Medici is not an

---

[4] While the Review Board also mentioned copyright protection, the denial of access was due to the sole possession exception and this court need not resolve that issue at this time.

party "aggrieved by the findings and decision" as required to bring a claim pursuant to 20 U.S.C. § 1415(i)(2).

An appropriate Order follows.

 March 16, 2010                              /s/ A. Richard Caputo  
Date                                         A. Richard Caputo  
                                             United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL MEDICI,

    Plaintiff,

v.

POCONO MOUNTAIN SCHOOL DISTRICT, DWIGHT R. PFENNING, Superintendent,

    Defendants.

CIVIL ACTION NO. 09-CV-2344

(JUDGE CAPUTO)

## ORDER

**NOW**, this 16th day of March, 2010, **IT IS HEREBY ORDERED** that Defendants Pocono Mountain School District and Dwight Pfenning's Motion to Dismiss (Doc. 5) is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) As to Plaintiff Michael Medici's claim to enforce the favorable portions of the Special Education Due Process Appeals Review Panel's decision, the motion is **GRANTED**.

(2) As to the remainder, the motion is **DENIED**.

                                                  /s/ A. Richard Caputo
                                                  A. Richard Caputo
                                                  United States District Judge