**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL MEDICI,<br><br>  Plaintiff,<br><br>  v.<br><br>THE POCONO MOUNTAIN SCHOOL DISTRICT and DWIGHT R. PFENNIG,<br><br>  Defendants. | CIVIL ACTION NO. 3:09-CV-2344<br><br>(JUDGE CAPUTO) |

### **MEMORANDUM**

Plaintiff Michael Medici filed this action against Pocono Mountain School District (PMSD) and Dwight Pfenig, seeking the production of educational records of his son, T.M., that were ordered by a state administrative appellate panel.

The defendants move for summary judgment. (Doc. 26.) They assert that a settlement agreement precludes the present action. The Court agrees, and will grant summary judgment in the defendants' favor. The plaintiff seeks leave to amend his complaint. Because amendment would be futile, leave will be denied.

### **I. Background**

At the times relevant to this action, T.M. was a student qualifying for special education services under the Individuals with Disabilities Education Act (IDEA). T.M. resided in the Pocono Mountain School District and attended the Monroe Career and Technical Institute (MCTI). Under the IDEA, parents have the right to examine their child's "education records."

1

34 C.F.R. § 300.501(a).  T.M.'s father, Michael Medici, requested his son's education records. When the District and MCTI declined to produce all those documents Medici believed himself entitled to, he pursued a due process hearing to compel their production. The hearing officer decided that, *inter alia*, testing protocols, correspondence among school employees or between school employees and parents, and raw notes of observations and evaluations did not constitute "education records" within the meaning of the IDEA.  Medici appealed the hearing officer's decision to the Pennsylvania Special Education Due Process Appeals Review Panel.  The appeals panel concluded that the hearing officer had applied an incorrect legal definition of "education record" and entered the following order:

> [T]he sections of the hearing officer's decision and order that identify categories of documents that will never qualify as "education records" are reversed.  The hearing officer is directed to review any questioned or contested document to determine if it meets [the correct] definition of an "education record."

*See In re The Educational Assignment of T.M., a Student in the Pocono Mountain Sch. Dist*., Spec. Educ. Op. No. 1844A, at 5 (Pa. State Educational Agency, 2007).

The District filed a Petition for Review of the panel's decision in state court, arguing that the panel lacked authority to remand to the hearing officer for further proceedings. Medici removed the action to this federal district court on November 19, 2007.  The action was assigned civil case number 07-2122.

Ultimately, this Court held that the panel erred because the IDEA does not permit the panel to remand the matter to a hearing officer. However, because the panel did not enter a final, appealable order, this Court was unable to decide the merits of the education record dispute. Instead, the Court directed the appeals panel to issue a final, appealable order to the District to produce all documents concerning T.M. that meet the definition of "education

2

records" set forth in the Panel's decision.

This Court's order was issued on March 23, 2009, and the federal district court case was marked closed. On May 13, 2009, while the remand order was pending before the appeals panel, Medici and the District entered into a settlement agreement which both parties signed. Pursuant to the agreement, the District established a compensatory education fund of $22,500 to be used for educational services for T.M. In exchange, Medici agreed to waive and release claims.

On August 31, 2009, pursuant to this Court's order, the appeals panel issued its decision requiring the District to provide Medici with access to "[h]andwritten, typewritten or email correspondence between or among teachers, staff and parents that are related to the Student," "[r]aw notes by observers and evaluators if they are shared with others" and "handwritten annotations on draft Evaluation Reports, Re-evaluation reports, IEPs and IEP meeting notes." Additionally, the panel held that because test protocols may be protected by copyright, they did not need to be disclosed.

Medici filed the complaint in the present case on November 30, 2009, alleging that the District never produced the records ordered by the appeals panel, and seeking review of the panel's decision as to records held to be inaccessible. The prayer for relief sought production of both those records approved by the appeals panel as well as those the panel held were protected from disclosure.

The District argues that the settlement agreement precludes this action and seeks summary judgment in its favor. The motion is ripe for review.

## II. Discussion

**A. Legal Standard**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.* Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* 2D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the court that "the nonmoving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable

4

to the nonmoving party.  *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256–57.  The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).  In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.

**B. The Settlement Agreement Precludes This Action**

"Public policy wisely encourages settlements." *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 213–15 (1994).  Settlement agreements are treated as contracts. *In re Columbia Gas System, Inc.*, 50 F.3d 233, 238 (3d Cir. 1995) ("In a nonbankruptcy context, we have treated a settlement agreement as a contract.") Valid settlement agreements will therefore be enforced as a binding contract. *See D.R. by M.R. v. East Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997). The parties agree that they voluntarily entered into the settlement agreement.  (See Docs. 27 and 31, at ¶ 7.)  By its terms, the agreement is governed by Pennsylvania law. The real issue between the parties is whether the settlement agreement precludes this lawsuit. The defendants argue that the agreement forecloses this suit, while Medici claims that he specifically carved out an exception that applies to this case.

The release provisions, in pertinent part, are reproduced below:

> 13. This Agreement constitutes the full and final settlement, satisfaction and release of all claims by the Parent and/or the Student, brought, or able to

>be brought, on the Student's behalf, against the District, its respective Directors, officers, attorneys, employees . . . under any provision of federal or state law, including but not limited to . . . [the IDEA] . . . in any forum, administrative or judicial . . . arising at any time prior to the date of this Agreement, excepting the matter currently under remand to the Appeals Panel from the United States District Court, Middle District of Pennsylvania having docket number 3:07-cv-02122-ARC regarding Student's educational records. . . .
>
>14. Parent and Student agree that they shall file no further claims of any kind seeking access to or copies of the same or similar records at issue in said remanded lawsuit from the United States District Court, Middle District of Pennsylvania having docket number 3:-7-cv-02122-RC, under any provision of federal or state law . . . in any forum, administrative or judicial.

(Doc. 26-3 at ¶¶ 13, 14.)

In Pennsylvania, the intention of the parties controls the interpretation of a contract. *Profit Wize Marketing v. Wiest*, 812 A.2d 1270, 1274 (Pa. Super. 2002) (citing *Thomas Rigging & Constr. Co., Inc. v. Contraves, Inc.*, 798 A.2d 753, 755 (Pa. Super. 2002)). However, Pennsylvania law is "firmly settled" on the principle that "the intent of the parties to a written contract is contained in the writing itself." *Bohler-Udderholm America, Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 92 (3d Cir. 2001) (quoting *Krizovensky v. Krizovensky*, 624 A.2d 638, 642 (Pa. Super. 1993)). "In determining the intent of the parties to a written agreement, the court looks to what they have clearly expressed, for the law does not assume that the language of the contract was chosen carelessly." *Meeting House Lane, Ltd. v. Melso*, 628 A.2d 854, 857 (Pa. Super. 1993), *appeal denied*, 537 Pa. 633, 642 A.2d 486 (1994) (citations omitted).

A contract is clear and unambiguous if a court can determine its meaning "without any guide other than a knowledge of the simple facts on which, from the nature of the language in general, its meaning depends." *Profit Wize*, 812 A.2d at 1274 (quoting *Baney v. Eoute*,

784 A.2d 132, 136 (Pa. Super. 2001)). Undefined words are given their "natural, plain, and ordinary meaning." *Cordero v. Potomac Ins. Co. of Illinois*, 794 A.2d 897, 900 (Pa. Super. 2002). The terms of a contract are only ambiguous if they are reasonably or fairly susceptible of different constructions and can be understood in more than one sense. *Cordero*, 794 A.2d at 900.

Here, the terms of the agreement are not ambiguous. Thus, the agreement must be interpreted in accordance with its clear meaning. Paragraph 14 is clear that, under the agreement, Medici agreed to file **no further claims of any kind** seeking access to the same or similar records at issue in his previous lawsuit (Docket No. 07-2122). Yet, that is exactly what he has done in the present case.

However, Medici insists that this paragraph does not apply to foreclose the present lawsuit, which seeks to appeal and enforce the order of the administrative appeals panel. He claims that paragraph 13 provides a relevant exception which allows this case to move forward. The Court disagrees. In paragraph 13, Medici released **all** claims arising before the date of the agreement, with the exception of "the *matter* currently under remand to the appeals panel from the United States District Court, Middle District of Pennsylvania having docket number 3:07-cv-2122-ARC regarding Student's educational records."

This provision simply permits the administrative panel to render its decision in accordance with the remand order. It does not permit further action on that claim in a new lawsuit. Medici specifically waived the right to any enforcement of the panel's decision in a separate lawsuit under Paragraph 14, which precludes any "further claims of **any kind** seeking" T.M.'s education records. Because the present lawsuit is no longer the same "matter" as the one remanded to the appeals panel bearing docket number 3:07-cv-2122-

ARC , it is foreclosed by the settlement agreement.

Because the clear language of the settlement agreement bars this lawsuit, the court must enforce the contract and grant summary judgment in the defendants' favor.

**C. Amendment of the Complaint Would Be Futile**

Medici seeks leave to amend his complaint. Under Federal Rule of Civil Procedure 15, "[t]he court should freely give leave when justice so requires." Leave need not be given, however, when amendment would be futile. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *Id.* (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

Here, the plaintiff seeks to add two proposed amendments. The first simply seeks to add a paragraph of additional facts to the already-existing claims. Because these claims are precluded by the settlement agreement, amendment would be futile and will be denied.

The plaintiff additionally seeks to add a claim under 42 U.S.C. § 1983. His proposed amendment reads:

> Defendants have violated the rights of Plaintiffs as secured by 42 U.S.C. § 1983 by failing and refusing to implement the decision of the Pennsylvania Special Appeals Panel in an administrative proceeding brought under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415, thereby subjecting Plaintiff, with deliberate indifference, to deprivation of rights and privileges secured by the laws of the United States.

The plaintiff argues that he seeks enforcement of the panel's decision. (*See* Doc. 20 at 5, 7.) Because by this amendment the plaintiff seeks access to the same education records at issue in his previous lawsuit, it is barred by the settlement agreement prohibiting any further claims seeking these records. Amendment would be futile and leave will therefore

be denied.

### III. Conclusion

For the reasons explained above, the defendants' motion for summary judgment (Doc. 26) will be granted. Medici's motion seeking leave to amend his complaint (Doc. 19) will be denied. An appropriate order follows.


 June 22, 2011                                          /s/ A. Richard Caputo
Date                                                            A. Richard Caputo
                                                                United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MICHAEL MEDICI,

    Plaintiff,

        v.

THE POCONO MOUNTAIN SCHOOL
DISTRICT and DWIGHT R. PFENNIG,

    Defendants.

NO. 3:09-CV-2344

(JUDGE CAPUTO)

**ORDER**

**NOW**, this _22nd  day of June, 2011, **IT IS HEREBY ORDERED** that:

(1) The defendants' motion for summary judgment (Doc. 26) is **GRANTED**.

(2) Judgment shall be entered in favor of the defendants and against the plaintiff.

(3) The plaintiff's motion seeking leave to amend (Doc. 19) is **DENIED**.

(4) The clerk of court is directed to mark this matter **CLOSED**.

        /s/ A. Richard Caputo
        A. Richard Caputo
        United States District Judge